**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GOLDEN GATE PHARMACY
SERVICES, INC., et al.

   Plaintiffs - Appellants,

 v.

PFIZER, INC. and WYETH,

   Defendants - Appellees.

No. 10-15978

D.C. No. 3:09-cv-3854-MMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maxine Chesney, District Judge, Presiding

Argued and Submitted May 10, 2011
San Francisco, California

Before: D. W. NELSON and W. FLETCHER, Circuit Judges, and DUFFY,
District Judge.[**]

   Appellants, seven independent retail pharmacies (the "Pharmacies"), appeal

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

1

the dismissal of their second amended complaint ("SAC") alleging that the merger of Appellees Pfizer and Wyeth violated Section 7 of the Clayton Act and Section 1 of the Sherman Act. The district court dismissed the complaint on the basis that it failed to sufficiently allege a relevant product market for the antitrust action. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

This Court reviews de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Coal. for ICANN Transparency, Inc. v. VeriSign, Inc., 611 F.3d 495, 501 (9th Cir. 2010). In order to state an antitrust claim, a plaintiff must identify a relevant market within which the defendant has market power. Newcal Indus., Inc. v. Ikon Office Solution, 513 F.3d 1038, 1044 (9th Cir. 2008). "'The outer boundaries of a product market are determined by the reasonable interchangeability of use or the cross-elasticity of demand between the product itself and substitutes for it.'" Id. at 1045 (quoting Brown Shoe Co. v. United States, 370 U.S. 294, 325 (1962)). The products alleged in a relevant market must be "reasonably interchangeable by consumers for the same purposes." United States v. E. I. du Pont de Nemours & Co., 351 U.S. 377, 395 (1956) (emphasis added).

The Pharmacies' SAC stated a relevant product market of "the pharmaceutical industry," including the "manufacture, sale, and innovation of all

2

pharmaceutical products, prescription pharmaceutical products, non-prescription pharmaceutical products, brand name pharmaceutical products and particular pharmaceutical products and therapies specifically noted and identified by Pfizer and Wyeth in their annual reports." While the market definition need not be pled with specificity, the SAC fails to state any facts indicating that all pharmaceutical products are interchangeable for the same purpose. The failure to allege a product market consisting of reasonably interchangeable goods renders the SAC "facially unsustainable" and appropriate for dismissal. See Newcal, 513 F.3d at 1045; Queen City Pizza v. Domino's Pizza, 124 F.3d 430, 436 (3d Cir. 1997) (holding that a motion to dismiss may be granted "[w]here the plaintiff fails to define its proposed relevant market with reference to the rule of reasonable interchangeability and cross-elasticity of demand.").

**AFFIRMED.**